Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ CARLOS APONTE RAMOS<br><br>Peticionario | KLCE202301315 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.: F LA2019G0145-0149<br><br>Por: Art. 5.04 LA (3 cargos), Art. 6.01 LA (2 cargos) |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de noviembre de 2023

El Tribunal de Primera Instancia ("TPI") denegó, de plano, una moción de supresión de evidencia presentada poco antes de la fecha pautada para el inicio de un juicio penal, ello al razonar que era la segunda vez que el acusado solicitaba dicha supresión y al notar que dicha parte podría reproducir su solicitud durante el juicio. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación del acusado a intervenir con el dictamen recurrido.

I.

Al Sr. José Carlos Aponte Ramos (el "Acusado") se le imputan ciertas violaciones a la Ley de Armas. Surge de lo expuesto por otro panel de este Tribunal, al resolver un recurso anterior, que al

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones*. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202301108 y KLCE202301236).

Acusado se le imputaron varias violaciones a los Artículos 5.04 y 6.01 de la Ley 404-2000, 25 LPRA secs. 458c y 459. Véase Resolución de 22 de julio de 2021 (KLCE202001034) (la "Decisión Anterior").

En **diciembre de 2019**, el Acusado solicitó la supresión de las armas que se le ocuparon (la "Primera Moción"). En esa ocasión, planteó que "la ocupación de toda la evidencia fue producto de un arresto ilegal, sin motivos fundados, basada en meras sospechas, en donde el propio agente reconoció cándidamente [] que intervino con el peticionario [] a pesar de que no estaba cometiendo acto delictivo alguno en su presencia."

Surge de la Decisión Anterior que el TPI acogió la Primera Moción como una de supresión de evidencia, **realizó la correspondiente vista evidenciaria**, y denegó la misma. Inconforme, el Acusado solicitó la intervención de este Tribunal, lo cual fue denegado mediante la Decisión Anterior. Allí se determinó que "[a]nte la adjudicación de credibilidad del TPI del agente Román Nieves que declaró en la vista de supresión de evidencia, resolvemos no intervenir en esta etapa de los procedimientos."

No obstante lo anterior, el **4 de octubre de 2023**, el Acusado solicitó, una vez más, la supresión de las armas que se le ocuparon (la "Segunda Moción"). Adujo que la versión del agente Román Nieves, quien fue uno de los dos agentes que participó en la incautación de las armas, y quien declaró en la vista evidenciaria celebrada a raíz de la Primera Moción (el "Primer Agente"), "se distancia de los hechos según relatados por el Sgto. Francisco Díaz González en su declaración jurada del 10 de septiembre de 2020". El sargento Díaz González fue el otro funcionario que intervino en la ocupación de las armas en controversia (el "Sargento").

El Acusado resaltó que, "distinto a lo que declara [el Primer Agente], el [Sargento] no dice que el *zipper* de la cartera estaba

abierto, no menciona que se veía ningún arma dentro de la cartera, tampoco dice que fue el [Primer Agente] quien realizó el registro y ocupó las armas de fuego." Señaló que el Sargento consignó en su declaración que fue él quien se acercó al Acusado y quien le tocó la cartera, "sintiendo que estaba dura y bien pesada".

Mediante una Resolución de 19 de octubre de 2023, notificada el 7 de noviembre, el TPI denegó la Segunda Moción. El TPI razonó que la declaración jurada del Sargento era "prueba de impugnación para el juicio"; advirtió que "aquí ya se adjudicó la supresión de evidencia"; y consignó que el Acusado "podría reproducir" dicha solicitud "durante el juicio".

En la tarde del 27 de noviembre de 2023, el Acusado presentó el recurso que nos ocupa, junto con una moción en auxilio de jurisdicción en la cual señaló que el juicio estaba señalado para comenzar al día siguiente[2]. Asevera que el TPI erró al denegar la Segunda Moción, pues debía antes celebrarse una vista evidenciaria; además, señala que el TPI erró "al leer la moción poniéndose en contacto con la prueba que en su día pudiera ser presentada en [el] juicio en su fondo".

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción. La Regla 40, *supra,* dispone lo siguiente:

---

[2] Esta moción fue denegada mediante una Resolución emitida ese mismo día.

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## III.

Luego de examinado el recurso de referencia, hemos determinado, en el ejercicio de nuestra discreción, no intervenir con lo actuado por el TPI. Ello en atención a que la actual etapa del proceso no es la más propicia para considerar lo planteado por el Acusado y nuestra intervención causaría una dilación indeseable. Regla 40(E y F), *supra*.

Adviértase que el juicio estaba pautado para comenzar al día siguiente de presentado el recurso y, además el Acusado puede reproducir su solicitud de supresión durante el juicio. Por otra parte, si finalmente se admite en juicio la prueba en controversia, el Acusado, de ser hallado culpable, puede presentar en apelación todos los planteamientos que estime procedentes en conexión con este asunto.

## IV.

Por los fundamentos antes expuestos, se deniega el auto solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones